IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL ACTION NO. PJM-00-424 |
|  | CIVIL ACTION NO. PJM-08-2776 |
| ROBERT HENRY DAVIS, #36428-037 | : |
| | : |

**MEMORANDUM OPINION**

Before the Court is a Motion for Relief from Judgment pursuant to Fed. R. Civ P. 60(b)(4) filed pro se by Robert Henry Davis.. The Court deems the Motion properly construed pursuant to 28 U.S.C. §2255. It will be dismissed without prejudice by separate Order.

**Background**

On June 28, 2001, Davis was found guilty by a jury of one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and one count of possession with intent to distribute five kilograms or more of cocaine base in violation of 21 U.S.C. § 846(a).  He was sentenced to life in prison.

The United States Court of Appeals for the Fourth Circuit affirmed Davis' conviction and sentence on appeal. *See United States v. Davis*, 67 Fed Appx. 771 (4th Cir. 2003). On October 6, 2003, the Supreme Court denied certiorari review.

Davis subsequently filed a Motion to Vacate, Set Aside or Correct, which was denied. The United States Court of Appeals for the Fourth Circuit denied a Certificate of Appealability and dismissed Davis's appeal.

**Analysis**

Davis seeks vacatur of his judgment as void for lack of subject matter jurisdiction.[1] Specifically, Davis contends that two prior state drug convictions were improperly used to enhance his sentence.

Federal Rule of Civil Procedure 60(b)(4) provides that relief from judgment may be granted where the judgment is void. A Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). In contrast, a motion that seeks to advance substantive claims qualifies as a "second or successive habeas petition." *See id; see also United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003) (explaining that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application...").

The instant motion clearly challenge the validity of the underlying conviction and is the equivalent of a second or successive §2255 petition. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling the subject matter of the motion and not petitioner's description determines its status). As has been explained to Davis previously, filing a second or successive motion in federal district court requires prior authorization from the Court of Appeals. *See* 28 U.S.C. §§2244(a) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).

Davis neither claims nor does the record demonstrate that he has obtained authorization to file a second or successive §2255 motion. Accordingly, the Motion will be dismissed without prejudice for lack of jurisdiction.

**Conclusion**

---

[1] The claim raised here was also raised in *Davis v. United States*, Civil Action No. PJM-07-2458 (D. Md. 2007). That case was dismissed without prejudice for lack of jurisdiction.

For the reasons stated herein, the Court will construe the Motion shall be dismissed without prejudice by separate Order.

|  |  |
|---|---|
| November 10, 2008 | /s/<br>PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE |