IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL ACTION NO. PJM-00-424 |
| | CIVIL ACTION NO. PJM-08-2777 |
| ROBERT HENRY DAVIS, #36428-037 | : |
| | : |

**MEMORANDUM OPINION**

Before the Court is a Motion for Relief from Judgment pursuant to Fed. R. Civ P. 60(b)(6) filed pro se by Robert Henry Davis. The Motion shall be construed pursuant to 28 U.S.C. §2255, and dismissed without prejudice by separate Order.

**Background**

Davis is serving a life sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute five kilograms or more of cocaine base in violation of 21 U.S.C. § 846(a). The United States Court of Appeals for the Fourth Circuit affirmed Davis's conviction and sentence on appeal. *See United States v. Davis*, 67 Fed Appx. 771 (4th Cir. 2003). The Supreme Court denied Davis's petition for certiorari.

Davis subsequently filed a Motion to Vacate, Set Aside or Correct, which this Court denied. The United States Court of Appeals for the Fourth Circuit denied a Certificate of Appealability and dismissed Davis's appeal of the denial.

**Analysis**

Davis requests modification of his sentence based on extraordinary circumstances.[1] Specifically, Davis contends that two prior Florida state drug convictions were improperly used to enhance his sentence. Davis posits that he is "actually innocent" of violating the "§ 851 enhanced penalty statute" because his Florida convictions were not controlled substance offenses. Paper No. 549.

A Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). In contrast, a motion that seeks to advance substantive claims qualifies as a "second or successive habeas petition." *See id; see also United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003) (explaining that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application...").

The instant Rule 60(b) motion clearly challenge the validity of the underlying sentence and is the equivalent of a second or successive §2255 petition. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling the subject matter of the motion and not petitioner's description determines its status). As has been explained to Davis previously, filing a second or successive motion in federal district court requires prior authorization from the Court of Appeals. *See* 28 U.S.C. §§2244(a) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Rule 60(b) may not be used to circumvent the rule requiring that successive § 2255 petitions first receive authorization from the Court of Appeals. *See id.* Davis presents no evidence that he has obtained authorization to file a

---

[1] Davis also challenged his sentencing enhancement under Fed R. Civ. P. 60(b)(4). *See Davis v. United States*, Civil Action No. PJM-07-2458 (D. Md. 2007); *Davis v. United States*, PJM-08-2776 (D. Md. 2008). Both cases were dismissed without prejudice for lack of jurisdiction.

second or successive §2255 motion.  Accordingly, the Motion must be dismissed without prejudice for lack of jurisdiction.

Further, even were this claim properly considered under Rule 60(b)(6), it would be unavailing. Fed. R. Civil P 60(b) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ..."(6) any other reason justifying relief from the operation of the judgment."  Rule 60(b) (6) provides an extraordinary remedy granted only in exceptional circumstances. *See Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir.2004); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n. 2 (4th  Cir.2000). Davis has not advanced any grounds justifying extraordinary relief.  Davis may seek redress by filing a Motion to Vacate, Set Aside or Vacate after obtaining the requisite appellate pre-authorization.

**Conclusion**

For the reasons stated herein, the Motion shall be dismissed without prejudice by separate Order.

November 10, 2008

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE