IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL ACTION NO. PJM-00-424 |
| | | CIVIL ACTION NO. PJM-08-2778 |
| ROBERT HENRY DAVIS, #36428-037 | : | |
| | : | |

## MEMORANDUM OPINION

Before the Court are identical pleading filed separately and  pro se by Robert Henry Davis titled " Motion to Amend Pursuant to Fed. R. Civ. P. 15(a)" (citing United States v Johnson, 962 F.2d at 579 Writ of Audita Querela) and relief under Fed. R. Civ. P. 60(b)(6).  Papers No.  579 and 587. The Motions shall be construed pursuant to 28 U.S.C. §2255, and  dismissed  without prejudice by separate Order.

### Background

Davis is serving a life sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute five kilograms or more of cocaine base in violation of 21 U.S.C. § 846(a).  The United States Court of Appeals for the Fourth Circuit affirmed Davis's conviction and sentence on appeal. *See United States v. Davis*, 67 Fed Appx. 771 (4th Cir.  2003). The Supreme Court denied Davis's petition for certiorari.

Davis subsequently filed a Motion to Vacate, Set Aside or Correct, which this Court  denied. The United States Court of Appeals for the Fourth Circuit denied a Certificate of Appealability and dismissed Davis's appeal of the denial.

### Analysis

### (I) Rule 60(b)

Davis contends that two prior Florida state drug convictions were improperly used to enhance his sentence. Davis posits that he is "actually innocent" of violating the "§ 851 enhanced penalty

statute" because his Florida convictions were not controlled substance offenses.[1]  Paper No. 587.

As has been explained to Davis on prior occasions,[2]  a  Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005).  In contrast, a motion that seeks to advance substantive claims qualifies as a "second or successive habeas petition."  *See id; see also   United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003) (explaining that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application...").

The instant Rule 60(b) motion clearly challenges the validity of the underlying sentence and is the equivalent of a second or successive §2255 petition.  *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling the subject matter of the motion and not petitioner's description determines its status).  Filing a second or successive motion in federal district court requires prior authorization from the Court of Appeals.  *See* 28 U.S.C. §§2244(a) & 2255;  *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).   A petitioner may not present a § 2255 petition in the guise of a Rule 60(b) motion to circumvent preauthorization requirements. *See id.*   Where, as here, there is no evidence that a petitioner has obtained appellate authorization to file  second or successive §2255 motion, it must be dismissed without prejudice for lack of jurisdiction.

Even were this claim properly considered under Rule 60(b)(6), it would be unavailing. Fed. R. Civil P 60(b) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the

---

[1]  Davis has in prior cases attempted to challenge his sentencing enhancement under Fed R. Civ. P. 60(b). *See Davis v. United States*,  Civil Action No. PJM-07-2458 (D. Md. 2007); *Davis v. United States*,  PJM-08-2776 (D. Md. 2008);  *Davis v. United States*,  PJM-08-2777 (D. Md. 2008).   These cases were dismissed without prejudice for lack of jurisdiction.

[2]  *See supra*, n. 1.

following reasons: ..."(6) any other reason justifying relief from the operation of the judgment." Rule 60(b) (6) provides an extraordinary remedy granted only in exceptional circumstances. *See Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir.2004); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n. 2 (4th Cir.2000). Davis has not advanced any grounds justifying extraordinary relief.

(ii) Writ of Audita Querela

To the extent Davis intends to bring his claims pursuant to a Writ of Audita  Querla under the All Writs Act, his challenge must be dismissed without prejudice.  The United States Supreme Court stated  in *Carlisle v. United States*, 517  U.S. 416, 428-29 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service,* 474 U.S. 34, 43 (1985)) that  "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute'" and  "'[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act , that is controlling.'"   Petitioner's intention to rely on the residual authority of the All Writs Act is unnecessary and improper in this case.  Davis may seek redress by filing a Motion to Vacate, Set Aside or Vacate after obtaining the requisite appellate pre-authorization.

**Conclusion**

For the reasons stated herein, the Motions shall be dismissed without prejudice by separate Order.

      /s/                       <br>
PETER J. MESSITTE<br>
UNITED STATES DISTRICT JUDGE

November 25, 2008