IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT HENRY DAVIS, #36428-037 | : | CIVIL ACTION NO. PJM-09-1251 |
| | | CRIMINAL ACTION NO. PJM-00-424 |
| v. | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM OPINION**

Before the Court is a motion filed pro se by Robert Henry Davis challenging his sentence under Rule 60(b)(4) of the Federal Rules of Civil Procedure.[1] Davis requests vacatur of his sentence, claiming predicate state convictions were improperly used for enhancement. The Court will construe the pleading under 28 U.S.C. § 2255, and dismiss it without prejudice for lack of subject matter jurisdiction.

**I. Background**

Davis is serving a life sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute five kilograms or more of cocaine base in violation of 21 U.S.C. § 846(a). Davis's conviction and sentence were affirmed. *See United States v. Davis*, 67 Fed Appx. 771 (4th Cir. 2003). Davis's Motion to Vacate, Set Aside or Correct was denied. *See Davis v. United States*, Civil Action No. PJM-04-3291 (D. Md.).

**II. Discussion**

The first issue presented is whether this claim is properly raised in a Rule 60(b)(4) motion or 28 U.S.C. §2255 motion to vacate, set aside or correct. The subject matter of the motion, not the

---

[1] The Court previously denied Davis's request for Rule 60(b)(4) relief in *United States v. Davis*, Civil Action No. PJM-07-2458 (d. Md.).

caption assigned to it by a petitioner, determines its status.  *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998).  A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive petition for writ of habeas corpus.  *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005).  "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider."  *See United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003).  By disputing the sentencing enhancement, Davis is undeniably attacking his sentence, not a defect in collateral review.  The pleading is appropriately considered as a successive 28 U.S.C. §2255 petition.

Before filing a second or successive motion in federal district court, a petitioner must first obtain authorization from the appropriate court of appeals.  *See* 28 U.S.C. §§2244(a) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).  Davis may not file a successive §2255 petition in the guise of  Rule 60 (b) motion to circumvent the preauthorization requirement.

Further, even if the pleading were construed under Rule 60(b)(4),  Davis would not be entitled to relief.  "[W]hen deciding whether an order is "void under Civil Rule 60(b)(4) for lack of subject matter jurisdiction,  courts must look for the rare instance of a total usurpation of power.  A court plainly usurps jurisdiction only when there is a total want of jurisdiction and there is no arguable basis on which it could have rested a finding that it had not jurisdiction."  *United States v. Hartwell*, 448 F. 3d 707, 722 (4th Cir. 2006).  Davis fails to demonstrate why jurisdiction was lacking or extraordinary relief is warranted.  For these reasons,  the Motion will be without prejudice by separate Order.

/s/
PETER J. MESSITTE
June 10, 2009                                                                        UNITED STATES DISTRICT JUDGE