IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT DAVIS | * | |
| Petitioner | * | |
| v | * | Civil Action No. PJM-09-3250 |
| | | Criminal Action No. PJM-00-424 |
| | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

***

MEMORANDUM OPINION

Robert Davis, proceeding pro se, petitions for "Relief from the Judgment Denying its 28 U.S.C. § 2255 Motion In Light of the Supreme Court's Ruling in *Gonzalez v. Crosby*, 545 U.S. 24 (2005) and Rule 60(b) of the F. R. Civ. P." After due consideration, the court finds the Motion is appropriately construed pursuant to 28 U.S.C. § 2255. The Motion will be dismissed without prejudice for lack of jurisdiction.

I.   Background

Davis is serving a life sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute five kilograms or more of cocaine base in violation of 21 U.S.C. § 846(a). Davis's convictions and sentences were affirmed. *See United States v. Davis*, 67 Fed Appx. 771 (4th Cir. 2003). Davis's Motion to Vacate, Set Aside or Correct was denied. *See Davis v. United States*, Civil Action No. PJM-04-3291 (D. Md.). The United States Court of Appeals for the

Fourth Circuit denied his request for a Certificate of Appealability and dismissed Davis's appeal of that denial.

II. Claims Presented

Davis seeks relief on the basis of Rule 60(b)(6) of the Federal Rules of Civil Procedure. He alleges that the prosecutor acted fraudulently by seeking an enhanced sentence on the basis of 21 U.S.C. § 851(a), and this constitutes "extraordinary circumstance" warranting vacatur. The subject matter of the motion, not the caption assigned to it by a petitioner, determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998). A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive petition for writ of habeas corpus. *See Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *See United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003). By disputing the sentencing enhancement, Davis clearly is attacking his sentence, not a defect in the § 2255 proceeding; the instant Motion is appropriately considered as a successive 28 U.S.C. §2255 petition. Further, even if the Motion were properly considered under Rule 60(b)(6), Petitioner's claim that predicate state convictions were improperly used for enhancement lacks merit and otherwise fails to present extraordinary circumstance.

This instant petition represents another attempt to attack judgment under § 2255 without first obtaining authorization from the United States Court of Appeals for the Fourth Circuit. *See e.g.* Civil Actions No. PJM-09-1251, PJM-09-191, PJM-08-2777, PJM-08-2776. Davis's efforts

to bring this claim under Federal Rule of Civil Procedure 60(b) here, as before, are unavailing. Davis must first obtain pre-filing authorization from the Fourth Circuit before the court can consider his second or successive § 2255 petition. The court declines to issue a Certificate of Appealability. Davis presents no grounds to show the denial of a constitutional right.

*See* 28 U. S.C. § 2253(c) (2). Davis fails to demonstrate that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

III.   Conclusion

For these reasons, the Court shall dismiss the Petition without prejudice for lack of jurisdiction.

January 27, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE