IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| v. | * | Criminal No. **PJM 00-0424** |
| | * | |
| | * | |
| **ROBERT HENRY DAVIS** | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Defendant Robert Davis was sentenced to life imprisonment in September 2001, after a jury found him guilty of drug crimes. The Fourth Circuit affirmed Davis' conviction and sentence on appeal. 67 Fed. Appx. 771 (4th Cir. 2003). Since his incarceration, Davis has filed numerous motions attacking his sentence. His latest motion (Dkt. 660), based on Fed. Rule Crim. Proc. 36, seeks to "correct errors" in his Pre-Sentence Report (PSR), which was prepared 11 years ago. For the reasons discussed below, the Court lacks jurisdiction to amend the PSR at this time and therefore **DENIES** Davis' Motion.

***

Davis argues that his PSR is incorrect because: (1) the U.S. Probation Office failed to include the date on which he was released from a 1975 sentence, instead listing the date as "unknown," as a result of which the previous sentence was improperly counted in calculating Davis' criminal history score; and (2) the U.S. Probation Office failed to include the date on which Davis was sentenced to a one-year term of probation in 1994 and failed to acknowledge that that sentence was terminated after six months, which resulted in him being improperly awarded additional criminal history points.

The purpose of Rule 36 is to address clerical errors; it is not the proper vehicle for challenging the substance of information in a PSR. *See U.S. v. Wilkes,* 376 Fed. Appx. 295 (4th Cir. 2010). Though Davis argues that these alleged errors in the PSR are "omissions" and "oversights," in no sense are they typographical mistakes. The proper vehicle to challenge them would have been pursuant to Rule 32(f), which requires that challenges be filed within 14 days of receipt of the PSR. Since 14 days passed over a decade ago, this Court lacks jurisdiction to entertain Davis' motion at the very late date. *See, e.g., U.S. v. Hawkins,* 421 Fed. Appx. 261 (4th Cir. 2011); *U.S. v. Boardley,* 61 Fed. Appx. 904 (4th Cir. 2003).[1] The Motion is therefore **DENIED.**

A separate Order will be **ENTERED.**

                                          /s/

**November 1, 2012**                          **PETER J. MESSITTE**
                                        **UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes in addition that it appears changing Davis' criminal history would not affect his sentence or his security classification, in any event.