IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. **PJM 00-0424** |
| | * | |
| ROBERT HENRY DAVIS | * | |
| | * | |
| Petitioner | * | |

## MEMORANDUM OPINION

Robert Henry Davis has filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c), relying on Amendment 782 to the U.S. Sentencing Guidelines. ECF No. 691. Although Davis asserts that there are "extraordinary and compelling reasons" to reduce his sentence, the Court finds he is in fact ineligible for a reduction pursuant to Amendment 782 because he was sentenced to a statutory mandatory minimum sentence of life imprisonment. Accordingly, the Court will **DENY** his Motion.

I.

On June 28, 2001 a jury found Davis guilty of conspiracy to distribute and possession with intent to distribute a cocaine and cocaine base, in violation of 21 U.S.C. § 846, and possession with intent to distribute a cocaine and cocaine base, in violation of 21 U.S.C. § 841. At sentencing, the Court adopted the factual findings and advisory guideline applications in the Presentence Report (PSR), which established that Davis's criminal activity involved over 150 kilograms of cocaine, resulting in a base offense level at 38. Davis's final offense level was 41,

with a criminal history category of IV. The guidelines range for imprisonment was therefore 360 months to life.

The Government sought enhanced penalties under 21 U.S.C. § 851 based on Davis's prior convictions. Davis was therefore subject to a statutory mandatory minimum of life imprisonment, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. On September 26, 2001, the Court sentenced Davis to life in prison. Since then, Davis has filed several motions attacking the judgment pursuant to various Rules of Criminal and Civil Procedure, all of which the Court has denied.

On February 13, 2015, Davis filed the present Motion, seeking a reduction in his sentence pursuant to Amendment 782. ECF No. 691. On September 9, 2015, the Government filed its opposition to the Motion. ECF No. 701. Davis has filed no reply.

## II.

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 782, effective November 1, 2014, reduced by two levels the base offense level in the Advisory Guidelines under § 2D1.1 for certain drug offenses. Amendment 782, however, did not have the effect of reducing a defendant's sentence below a statutory mandatory minimum, unless the court originally had the authority to sentence the defendant below the mandatory minimum based on his substantial assistance to authorities. *See* U.S.S.G. § 1B1.10(a),

(c); *see also id.*, Application Note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if ... the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*).") (emphasis added).

As the Government notes, Davis was subject to a statutory mandatory minimum sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851 at the time of his sentencing. He did not receive any downward departure from his Advisory Guidelines range based on substantial assistance to authorities. Absent such departure for substantial assistance, Davis is not eligible to receive a sentence below the statutory mandatory minimum. *See* U.S.S.G. § 1B1.110(a)(2), (c). He is thus not eligible for any reduction to his life sentence under Amendment 782.[1]

### III.

For the above reasons, Davis's Motion to Reduce Sentence under 18 U.S.C. § 3582(c), ECF No. 691, is **DENIED**.

---

[1] Davis has also filed a Motion under Federal Rule of Criminal Procedure 36 to correct certain information in his Presentence Report (PSR), which, if granted, would effectively lower his criminal history score for Guidelines purposes. *See* Pet.'s Mot. Correct Presentence Report, ECT No. 693. The Court will rule separately on that Motion. For purposes of the present Motion to Reduce Sentence, suffice it to say that correcting the PSR in the way Davis requests would not affect this Motion. Davis was sentenced to a mandatory minimum of life imprisonment because of two prior felony drug convictions pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. "Unlike the sentencing guidelines ... [§ 841(b)] does not impose any time limitation on the felonies triggering the enhanced sentencing provision." *United States v. Hudacek*, 24 F.3d 143, 146 (11th Cir. 1994) (holding 20-year-old drug conviction triggered mandatory minimum statute); *see also Mosely v. United States*, No. 03-0194, 2011 WL 1230888, at *4 (D. Md. Mar. 29, 2011) ("The plain language of 21 U.S.C. § 841(b)(1)(A) does not include any time limit on the use of prior convictions in imposing an enhanced sentence for a felony drug offense." (citing *Hudacek*, 24 F.3d at 146)). Any error in calculating Davis's Guidelines range therefore would have no effect on his mandatory minimum sentence.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

August 5, 2016