# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| Respondent | * |
| v. | * Crim. No. **PJM 00-0424** |
| **ROBERT HENRY DAVIS** | * |
| Petitioner | * |

## **MEMORANDUM OPINION**

Petitioner Robert Henry Davis has three motions pending before the Court. They include: a Motion Requesting Relief under Holloway Doctrine (ECF No. 707), Motion to Appoint Counsel (ECF No. 707 at 14-15), and a Motion to Correct Judgment and Commitment Order Pursuant to Fed. R. Crim. P. Rule 36 (ECF No. 711). For the reasons that follow, the Court will **DENY** the Motion Requesting Relief under Holloway Doctrine and the Motion to Appoint Counsel. Because there is in fact a clerical error reflected in the Judgment and Commitment Order, the Court will **GRANT** Davis's motion to that effect.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 28, 2001, a jury found Davis guilty of conspiracy to distribute and possession with intent to distribute a cocaine and cocaine base, in violation of 21 U.S.C. § 846, and possession with intent to distribute a cocaine and cocaine base, in violation of 21 U.S.C. § 841. Because he had two prior drug felonies when he was sentenced under 21 U.S.C. § 841(a)(1), Davis was subject under 21 U.S.C. § 841(b)(1) to a mandatory life sentence. Accordingly, the Government requested that the Court impose two life sentences based on Davis's prior

-1-

convictions under 21 U.S.C. § 851. On September 26, 2001, the Court sentenced Davis to life in prison on both counts, to run concurrently. Since then, Davis has filed several motions attacking the judgment pursuant to various Rules of Criminal and Civil Procedure, all of which the Court has denied.

On December 15, 2016, Davis filed one of the three motions before the Court, the Motion Requesting Relief under Holloway Doctrine, requesting a reduction in his sentence under the "Holloway Doctrine." ECF No. 707. In the same motion, he requested the Court to appoint counsel. ECF No. 707 at 14-15.

The Government does not object to Davis's request for counsel and defers to the Court on his request to correct the Statement of Reasons but opposes his request for relief under the Holloway Doctrine. ECF No. 720.

## II. ANALYSIS

### A. Davis's Motion to Correct the Statement of Reasons

On February 8, 2017, the Court granted Davis's Second Motion to Correct Error in the Pre-Sentence Report (PSR), which corrected his criminal history category in the Judgment and Commitment Order from a IV to a II, because the initial PSR improperly treated Davis as having been on parole at the time of the underlying charges and assessed criminal history points for a 1975 Florida conviction. However, the Statement of Reasons attached to his Judgment and Commitment Order, for some reason, was not amended at that time. Davis subsequently filed a Motion to Correct Judgment and Commitment Order Pursuant to Fed. R. Crim. P. Rule 36 on March 17, 2017, requesting that his Statement of Reasons be corrected to reflect his amended criminal history category of II. ECF No. 711. The Court has authority to correct clerical errors under Fed. R. Crim. P. 36. *United States v. Postell*, 412 Fed. App'x 568, 569 (4th Cir. 2011).

That done, the Court notes that Davis's sentence is still within the Guidelines of his reduced criminal history category.

The Motion to Correct Judgment and Commitment Order, in any case, will be **GRANTED.**

### B. Davis's Motion Requesting Relief under *Holloway*

The so-called "Holloway Doctrine" derives from *United States v. Holloway*, 68 F. Supp. 3d. 310 (E.D.N.Y. 2014). In that case, after stealing three cars, defendant was charged with three separate carjacking counts, each of which was accompanied by three firearm enhancements under 18 U.S.C. § 924(c). *Id.* at 312. Noting that the Government pursued these § 924(c) enhancements after the defendant rejected a plea agreement, that his sentence was extraordinarily severe compared to the sentences of his co-defendants who pled guilty for similar charges, and that the defendant had a strong record of self-improvement in prison, the court requested that the U.S. Attorney consider agreeing to a court order vacating two of his § 924(c) convictions. *Id.* at 313-14. Ultimately, the U.S. Attorney agreed to do so. *Id.* at 315.

Although Davis asserts that *Holloway* provides him a remedy, the Court does not agree. *Holloway* does not provide courts with unilateral discretion to reduce sentences. *See United States v. Ledezma-Rodriguez*, 2017 WL 1368983, at *2 (S.D. Iowa Apr. 10, 2017). *Holloway* merely recognized that the prosecuting U.S. Attorney alone held the power to affect the defendant's sentence. *Id.* (citing *Holloway*, 68 F. Supp. 3d at 311). The Court has already denied Davis's post-conviction motions under 28 U.S.C. § 2255 and 18 U.S.C. § 3582. ECF Nos. 492, 516, 703. The Holloway Doctrine provides no further avenue by which the Court may grant relief.

But, even if the Court could reduce Davis's sentence, his argument would fail on the merits. Whereas *Holloway* involved stacked charges based on the same offense, Davis received a recidivism enhancement based on his prior convictions, which the *Holloway* court suggested would not justify a request that the Government retroactively vacate any charges. *See Holloway*, 68 F. Supp. 3d. at 312 (noting that Holloway's § 924(c) enhancement "sounds like a typical recidivism enhancement until you consider that the 'second or subsequent' convictions can occur in the same trial as the first one, as they did here"); *see also Green v. United States*, 2017 WL 679644, at *4 (D.S.C. February 21, 2017) (denying application of *Holloway* to a § 851 enhancement). Indeed, other district courts in the Fourth Circuit have expressed similar reluctance to apply the Holloway Doctrine. *See United States v. Carrizoza*, 2017 WL 2951920, at *2 (W.D.N.C. July 10, 2017); *Slade v. United States*, 2016 WL 3911918, at *4 (E.D.N.C. July 15, 2016); *Wade v. United States*, 2015 WL 7732834, at *2 (D. Md. Nov. 30, 2015). The so-called Holloway Doctrine has no application to the present case.[1]

### III. CONCLUSION

For the above reasons, Davis's Motion Requesting Relief under Holloway Doctrine (ECF No. 707) and Motion to Appoint Counsel (ECF No. 707) are **DENIED**. Davis's Motion to Correct Judgment and Commitment Order Pursuant to Fed. R. Crim. P. Rule 36 (ECF No. 711) is **GRANTED.**

                                             /s/
                                  **PETER J. MESSITTE**
                         **UNITED STATES DISTRICT JUDGE**

**August 30, 2017**

---

[1] There is no need to appoint counsel in this case and Davis's Motion in that regard will be **DENIED.**